**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **EMYRTLE BENNETT,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 10-1680 (RWR)** |
| **KAYA HENDERSON et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM ORDER**

Plaintiff Emyrtle Bennett brings claims of discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. §§ 621 et seq., and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1401.01 et seq. Bennett has moved for leave to file a second amended complaint, and the defendants, the Chancellor of the District of Columbia Public Schools ("DCPS") and the Attorney General of the District of Columbia,[1] have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint.

A plaintiff may amend her complaint for a second time "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to

[1] Kaya Henderson and Irvin B. Nathan are substituted for Michelle Rhee and Peter Nickles under Fed. R. Civ. P. 25(d).

amend is committed to the sound discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996). Undue prejudice to the opposing party may counsel against granting leave to amend. Atchinson v. Dist. of Columbia, 73 F.3d 418, 425 (D.C. Cir. 1996).

The only proposed changes in Bennett's proposed second amended complaint clarify that she is suing the defendants in their official capacities. Since the defendants acknowledge that Bennett's first amended complaint named the defendants in their official capacities (Defs.' Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss at 5), granting leave to amend will not unduly prejudice the defendants, and Bennett's motion for leave to amend will be granted.[2]

The defendants argue that because the complaint alleges claims against the District of Columbia, they are not proper defendants. (Defs.' Mem. of P. & A. in Supp. of Defs.' Reply to Pl.'s Opp'n to Mot. to Dismiss at 2.) An agency or department head is a proper defendant in ADEA and DCHRA suits involving allegations of discrimination within those agencies or departments. See Wilson v. U.S. Dep't of Transp., Civil Action No. 10-490 (RMC), 2011 WL 11500, at *9 (D.D.C. Jan. 4, 2011)

---

[2] The defendants' motion to dismiss will be directed at the second amended complaint.

(ADEA); Mitchell v. Nat'l R.R. Passenger Corp., 407 F. Supp. 2d 213, 240-41 (D.D.C. 2005) (DCHRA). A suit against an officer in his official capacity is "'another way of pleading an action against an entity of which [that] officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. N.Y. City Dep't of Social Servs., 436 U.S. 658, 690 n.55 (1978)). Since the complaint does not allege discrimination within the Attorney General's office, nor does it provide any other basis for asserting a claim against the Attorney General, the Attorney General is not a proper defendant and will be dismissed. Although the complaint alleges discrimination within DCPS, defendant Henderson is not a proper defendant because DCPS may not be sued as a separate entity. See United States ex rel. Davis v. Dist. of Columbia, 591 F. Supp. 2d 30, 40 (D.D.C. 2008). The defendants' motion to dismiss therefore will be construed in part as one to substitute the District of Columbia for the Chancellor.[3] See Henneghan v. DCPS, 597 F. Supp. 2d 34, 37 (D.D.C. 2009) (substituting the District of Columbia for DCPS); Azabdaftari v. Mayer, Civil Action No. 09-2166 (RWR), 2010 WL 3386395, at *1 n.1 (D.D.C. Aug. 27, 2010) (construing motion to dismiss in part as one to substitute the United States as the

---

[3] Because the plaintiff served the District of Columbia Attorney General, the District of Columbia will be deemed to have sufficient notice of this action. See Henderson v. Williams, Civil Action No. 05-1966 (RWR), 2007 WL 778937, at *3 & n.6 (D.D.C. Mar. 12, 2007).

proper party defendant where complaint alleged claims that could be raised against only the United States). Accordingly, it is hereby

ORDERED that the plaintiff's second motion [10] to amend the complaint be, and hereby is, GRANTED. The Clerk's Office is directed to docket as plaintiff's second amended complaint the second attachment to the plaintiff's second motion to amend the complaint. It is further

ORDERED that the defendants' motion [5] to dismiss, be, and hereby is, GRANTED in part. Defendant Irvin B. Nathan is dismissed, and the District of Columbia is substituted for defendant Kaya Henderson. It is further

ORDERED that defendant District of Columbia respond to the complaint by February 18, 2011.

SIGNED this 28th day of January, 2011.

__________/s/_______________
RICHARD W. ROBERTS
United States District Judge